Filed 10/28/25  P. v. Marshall CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B337796 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA089045) |
| v. | |
| ERIC DWIGHT MARSHALL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge. Reversed and remanded with directions.

California Appellate Project and Jonathan E. Demson, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

———————

Eric Dwight Marshall appeals from the trial court's summary denial of his petition under Penal Code section 1172.6 for resentencing on his conviction for manslaughter.[1] Because the record of conviction does not conclusively establish Marshall is ineligible for resentencing on his manslaughter conviction as a matter of law, we reverse and remand the matter for the court to issue an order to show cause and conduct an evidentiary hearing on that count.

## FACTS AND PROCEDURAL BACKGROUND

### *The charges and trial*

In March 2007, the People filed an information charging Marshall with the murder of Asebedo Daiz[2] on January 13, 2006 (§ 187, subd. (a) (count 1)). The People alleged that Marshall committed the murder for the benefit of, at the direction of, or in association with a gang and that a principal personally used and personally and intentionally discharged a firearm causing death in the commission of the murder (§§ 186.22, subd. (b)(1)(A),

---

[1]     All further statutory references are to the Penal Code.

[2]     The information states the victim's name as "Asebedo Daiz." In closing argument, however, the prosecutor referred to this victim as "David Asevedo."

2

12022.53, subds. (b), (c), (d) & (e)(1) (count 1). An amended information filed in 2008 charged Marshall and Adam Lenard Cain with murdering Daiz. The amended information included the same gang and firearm allegations as the original information. Both documents also charged Marshall with assaulting Mario Orabucno with a firearm on December 4, 2005 (§ 245, subd. (a)(2) (count 2).) In that count, the People alleged Marshall had personally used a firearm. (§ 12022.5.)

The case went to trial in 2008. At trial, the court instructed the jury on (among other principles) murder (CALCRIM Nos. 500, 501, 520), aiding and abetting of intended crimes (CALCRIM Nos. 400, 401), accomplices (CALCRIM No. 335), and other perpetrator (CALCRIM No. 373). The court did not instruct the jury on felony murder or the natural and probable consequences doctrine.

In closing, the prosecutor argued Marshall was the actual killer and Cain was the getaway driver. He also argued Stanley Mitchell—an un-joined perpetrator—was an accomplice and a principal in the murder who also fired shots at the victim. Mitchell "accepted some responsibility" for his actions and "he received leniency . . . in exchange for his testimony." The prosecution conceded the evidence did not "absolutely confirm who fired the fatal bullet." Although the prosecutor argued Marshall was "the one who pulled the trigger that killed" Daiz, he also argued the jury could, alternatively, find Marshall guilty of murder as an aider and abettor.

The jury was unable to reach a verdict on the murder charge as to either defendant, voting 11 to one for guilty. The court declared a mistrial on that count. The jury convicted Marshall on count 2, assault with a firearm on Orabucno, and

found the personal use of a firearm allegation true. Another panel of this court affirmed Marshall's conviction. (*People v. Marshall* (Nov. 15, 2010, B214231) [nonpub. opn.] (*Marshall I*).)

***The plea agreement and sentencing***

In September 2008, Marshall entered into a plea agreement with the People. The prosecution moved to amend the information to add counts 3 and 4. Count 3 charged attempted murder (without an allegation that the attempted murder was willful, deliberate, and premeditated) and count 4 charged manslaughter. The prosecutor did not specify a victim or an offense date for either count 3 or count 4. Marshall pleaded no contest to both counts 3 and 4. In connection with count 3, Marshall admitted he had personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (c). On both counts 3 and 4, Marshall admitted the gang allegations.

In accordance with Marshall's plea agreement with the People, the trial court sentenced him to 41 years and four months in the state prison. On count 3, for attempted murder, the court imposed the upper term of nine years, plus 20 years for the firearm allegation, and 10 years for the gang allegation. On count 2 (assault with a firearm, on which the jury already had convicted Marshall), the court imposed one-third the midterm of three years (thus, one year) plus one-third the midterm of four years for the firearm (thus, 16 months), for a total of two years four months. On count 4, manslaughter, the court imposed the midterm of six years, to be served concurrently with the other

4

counts. The court dismissed the murder count (count 1) in accordance with the plea deal.[3]

### *The trial court denies Marshall's resentencing petition*

In July 2022, Marshall filed a form petition for resentencing under section 1172.6.[4] The one box Marshall checked stated, "I was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder." The superior court found the petition was "facially sufficient" and appointed counsel later that month.

In May 2023, the prosecution filed an opposition to Marshall's petition. The prosecution asserted the trial court had not instructed Marshall's jury on the natural and probable consequences doctrine and he had been prosecuted as the actual shooter. The prosecution attached the reporter's transcript of the change of plea proceeding and sentencing, the jury instructions given at Marshall's trial, and the reporter's transcript of the prosecutor's closing argument.

---

[3] The prosecution also added count 4, manslaughter, against Cain. Cain pleaded to the charge and admitted the gang allegation for an agreed-upon sentence of 21 years (the upper term of 11 years for the manslaughter plus 10 years for the gang enhancement).

[4] In the version of the petition included in the record on appeal, Marshall checked only one of the three boxes necessary to comprise a facially sufficient petition, and he did not check the box requesting appointment of counsel. The trial court, however, deemed the petition sufficient and appointed counsel.

In October 2023, Marshall's counsel filed a reply. Counsel contended the court should rely on the "trial transcripts" and "trial record," and not on the opinion on direct appeal. Counsel also stated Marshall was 19 at the time of the manslaughter and the court should take his youth into account.

The trial court held a hearing on the petition on December 15, 2023. The court stated Marshall was ineligible for resentencing as a matter of law. The court noted whether trial transcripts from a mistrial were part of the "record of conviction" was an interesting question. In any event, the court continued, there was an "intervening factor," and that was the change of plea and admissions made in connection with the pleas.

Marshall timely appealed.

## DISCUSSION

### *Section 1172.6 resentencing*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The Legislature later extended resentencing eligibility to individuals convicted of murder on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime," of manslaughter, or of attempted murder under the natural and probable consequences doctrine. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2(a); § 1172.6, subd. (a).)

Together, Senate Bill Nos. 1437 and 775 created a procedure allowing a person convicted of murder, manslaughter, or attempted murder under the former law to seek resentencing if the person could no longer be convicted under the amended law. (*Lewis, supra,* 11 Cal.5th at p. 959; § 1172.6.)

6

***The prima facie stage and the record of conviction***

A defendant who pleaded no contest to manslaughter must make a make a prima facie showing of eligibility to establish entitlement to resentencing. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 336.) "After the parties have had an opportunity to submit briefings," the superior court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

"[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) At this stage, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Id.* at p. 971.) In assessing whether a defendant has made a prima facie showing, the court may review the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*)

"We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage." (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

***Analysis***

In arguing Marshall is ineligible for resentencing on his manslaughter conviction as a matter of law, the Attorney General relies heavily on the jury instructions from Marshall's trial and the reporter's transcript of the prosecutor's closing argument. The Attorney General also seems to rely on testimony given at trial

and the opinion on direct appeal, *Marshall I*. Below, however, the People never submitted the trial transcripts to the superior court in connection with their opposition to Marshall's petition.

Nor did the Attorney General request to augment the record on appeal or ask us to take judicial notice of the trial transcripts. The Attorney General filed his respondent's brief on March 11, 2025, and Marshall's counsel filed his reply brief on April 21, 2025. Not until oral argument on August 13, 2025, did the Deputy Attorney General request—orally—that we consider trial transcripts. But, "[a]bsent exceptional circumstances"—and the Deputy Attorney General has cited none here—"appellate courts generally do not take judicial notice of evidence not presented to the trial court." (*Bullock v. City of Antioch* (2022) 78 Cal.App.5th 407, 417, fn. 7.) Moreover, " '[o]bvious reasons of fairness militate against consideration of an issue raised initially' at oral argument." (*People v. Carrasco* (2014) 59 Cal.4th 924, 990.) Following oral argument, the Attorney General rescinded his request for judicial notice. We do not consider the trial transcripts.[5]

---

[5] Accordingly, we need not consider the question of whether the transcripts from a trial that ended in a mistrial constitute part of the "record of conviction" as defined by *Lewis* and other cases decided under section 1172.6. (But cf. *People v. Bartow* (1996) 46 Cal.App.4th 1573, 1579–1580 [reporter's transcript from mistrial forms part of record of conviction generally; "even more protections are afforded a defendant at the actual trial before a superior court judge and jury than are afforded by a preliminary hearing before a magistrate"]; *People v. Patton* (2025) 17 Cal.5th 549, 564 [court may "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" in a petition at the prima facie stage].)

***Marshall is not conclusively ineligible for resentencing on
his manslaughter conviction as a matter of law***

A defendant who pleaded no contest to manslaughter is
eligible for resentencing if the charging document permitted the
prosecution to pursue a conviction under the felony-murder rule,
the natural and probable consequences doctrine, or any other
imputed malice theory. (*People v. Gaillard* (2024) 99 Cal.App.5th
1206, 1211; § 1172.6, subd. (a).) Marshall contends that, had he
not resolved his case by plea after the mistrial, he could have at a
retrial been prosecuted under the natural and probable
consequences doctrine. We agree that nothing in the record of
conviction conclusively precludes that possibility.

Where an information charges murder with malice
aforethought, it encompasses "*any* theory of murder," including
murder under the natural and probable consequences doctrine.
(*People v. Rivera* (2021) 62 Cal.App.5th 217, 233.) Marshall was
charged with murder, and the record of conviction does not
establish that the prosecution could not have proceeded at retrial
under the natural and probable consequences doctrine. The
prosecution could have argued—as it suggested at the 2008
trial—that Marshall intended to aid and abet Mitchell (the un-
joined perpetrator) in a target offense such as assault, that
Mitchell murdered the victim, and that the murder was the
natural and probable consequence of the target offense. (See
*People v. Smith* (2014) 60 Cal.4th 603, 611 [" 'if a person aids and
abets only an intended assault, but a murder results, that person

9

may be guilty of that murder, even if unintended, if it is a natural and probable consequence of the intended assault.' ”].)[6]

In sum, here, the record of conviction—construed broadly— does not conclusively refute Marshall's allegations or establish as a matter of law that he is precluded from pursuing resentencing on his manslaughter conviction under section 1172.6.[7] The

---

[6] Marshall also contends he is eligible for resentencing because he could have been prosecuted for second degree felony murder at a retrial. (Cf. *People v. Nino* (2025) 111 Cal.App.5th 844 [reversing denial of section 1172.6 petition because defendant “could have been convicted of second degree felony murder based on the now-invalid imputed malice theory that [he] intended only to commit an inherently dangerous felony such as the grossly negligent discharge of a firearm”].) We need not address this alternative basis for relief.

[7] According to the record, Marshall did not pursue resentencing on his conviction for attempted murder. The briefing in the trial court by the district attorney's office as well as Marshall's court-appointed counsel focused only on whether he was the “actual killer.” That argument concerns the manslaughter count. Marshall's counsel never argued—in his brief or at oral argument—that Marshall also was seeking resentencing on the attempted murder count. On appeal, counsel's briefing is devoted to “the murder charge,” “murder liability,” and whether “he was the actual killer.” When moving to amend the information as part of the plea agreement, the People did not name a victim or a date in either count 3 or count 4. We assume the victim of the manslaughter was Daiz. However, the victim of the attempted murder in count 3 cannot have been Orabucno, the victim in count 2. According to the prosecutor's closing argument, Marshall pointed a gun at Orabucno, kicked his car, and spat in his face. But there was no allegation he fired

10

" 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) Marshall has met this burden and established a prima facie case. This necessitates an order to show cause and a hearing on the merits consistent with section 1172.6, subdivision (d)(3). We express no opinion on how the trial court on remand should evaluate or weigh the evidence, nor do we express any opinion as to whether the petition has merit.[8]

---

his weapon at Orabucno. The record does not reflect any other person who was present during the January 13, 2006 incident and was shot at. In any event, as far as we can tell, nothing precludes Marshall from petitioning for resentencing on count 3 if he wishes to do so.

[8] Because we reverse the order denying Marshall's petition, we do not reach his assertion that the denial violated his due process rights.

## DISPOSITION

We reverse the order denying Marshall's petition for resentencing on his manslaughter conviction and remand the matter. On remand, the trial court is directed to vacate its prior order denying Marshall's petition, issue an order to show cause, and hold an evidentiary hearing on count 4 as required by section 1172.6, subdivision (d).

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KLATCHKO, J.*

We concur:

EGERTON, Acting P. J.

ADAMS, J.

---

* Judge of the Riverside Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.